

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

TRISH M. BROWN
CHIEF JUDGE

1001 S.W. FIFTH AVENUE, # 700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

December 22, 2016

Joseph A. Field
Field Jerger LLP
621 SW Morrison St., Suite 1225
Portland, OR 97205

Craig G. Russillo
Schwabe, Williamson & Wyatt, P.C.
1211 SW Fifth Ave., Suite 1600
Portland, OR 97204

**VIA CM/ECF ONLY**

Re: *McDonald Brothers, Inc., et al. v. Fairway Fund V, LLC*, Adv. Proc. No. 14-3169-tmb
   *In re McDonald Brothers, Inc.*, Case No. 13-36059-tmb11
   Cross Motions for Summary Judgment

Counsel:

This matter came before the court on cross motions for summary judgment filed by plaintiffs Marian McDonald and Thomas McDonald (collectively, the "McDonalds") and defendant Fairway Fund V, LLC ("Fairway"). The court heard oral argument on the motions on December 13, 2016. After considering the evidence, written submissions, and arguments of counsel, I will grant Fairway's motion to the extent stated below.

**Facts**

This dispute arises out of a series of transactions between the McDonalds, as borrowers, and Fairway, as lender. The underlying loans are memorialized in a series of loan documents, including various security instruments. As relevant here, the security instruments include a trust deed encumbering certain real property in Jefferson County, Oregon (the "2009 Jefferson County Trust Deed"). Stip. Concise Stmt. Of Material Facts (ECF No. 30, "CSF") ¶ 5. The McDonalds signed the 2009 Jefferson County Trust Deed on July 10, 2009. *Id.*, Exh. 3. At the time they signed that document, the McDonalds intended to encumber property described as five specific tax lots (the "Five Tax Lots"). *Id.* ¶ 6. The 2009 Jefferson County Trust Deed listed all five tax lots by number; however, it also contained a metes-and-bounds description of the collateral that inadvertently omitted approximately eighty-four acres of the Five Tax Lots (the "Omitted Property").

In 2013, McDonald Brothers, Inc. and Thomas McDonald ("Debtors") filed voluntary petitions under chapter 11 of the Bankruptcy Code. Fairway filed proofs of claim in the

Debtors' bankruptcy cases, to which Debtors objected. After successfully mediating their dispute, Fairway and Debtors commenced the above-referenced adversary proceeding for the purpose of entering a stipulation (ECF No. 7, the "Stipulation") which sets forth the terms of the parties' settlement agreement. Pursuant to the Stipulation, the McDonalds (along with the other plaintiffs in this proceeding) agreed to pay Fairway $2.4 million on or before January 1, 2015. Stipulation ¶ 18. The McDonalds further agreed that if they did not make the $2.4 million payment, Fairway would be entitled to "proceed with its foreclosure sales on the Collateral." *Id.* The Stipulation does not contain a complete description of "the Collateral," but instead defines that term as "the real property pledged as security for the Note and listed in the Deeds of Trust."[1] *Id.* ¶ 10. The Stipulation also contains a mutual release of "any and all actions, causes of action, claims, charges, judgments, obligations, demands, grievances, damages, costs, attorney fees, expenses, or liabilities of any kind or nature whatsoever, in law or in equity, which exist as of the date of this stipulated judgment is interfered [*sic*], or which may hereafter accrue on account of any circumstance, whether known or unknown, patent or latent, anticipated or unanticipated, asserted or unasserted, arising out of or in any way related to the Loan Documents."[2] *Id.* ¶ 22. The mutual release does *not* apply to the "agreements and obligations referenced in [the Stipulation]." *Id.* The parties agree that at the time they entered into the Stipulation, no one was aware that the metes-and-bounds description in 2009 Jefferson County Trust Deed failed to include the Omitted Property.

The McDonalds did not make the required payment, and Fairway conducted a nonjudicial foreclosure through the notice-and-sale provisions of chapter 86, Oregon Revised Statutes. CSF ¶ 12. Only after Fairway recorded a trustee's deed under ORS 86.800, did it realize that the metes-and-bounds description in the 2009 Jefferson County Trust Deed did not include the Omitted Property. *Id.* ¶ 14. In an attempt to establish its interest in the Omitted Property, Fairway sued the McDonalds in Jefferson County Circuit Court to quiet title. *Id.* ¶ 18.

In July 2016, the parties reopened this adversary proceeding for purposes of adjudicating the contested ownership of the Omitted Property. All parties have consented to this court entering a final judgment resolving this dispute. ECF Nos. 18 and 19.

### Analysis

Fairway argues that the McDonalds undisputedly intended to pledge the Omitted Property as collateral under the 2009 Jefferson County Trust Deed, and that Fairway should receive the benefit of this bargain. On the other hand, the McDonalds argue that Fairway is attempting to

---

[1] The reference to "Deeds of Trust" appears to be a drafting error, since the Stipulation used "Trust Deeds" as the defined term for the relevant security instruments. Stipulation ¶ 5. In any event, the parties do not dispute that the 2009 Jefferson County Trust Deed was among the several security instruments described in the Stipulation.

[2] The parties do not dispute that the 2009 Jefferson County Trust Deed is one of the "Loan Documents," as that term is defined in the Stipulation.

reform the trust deed, and that any such reformation claim was relinquished under the release contained in the Stipulation. After careful consideration, I am not persuaded that the release completely bars Fairway from all relief. The Stipulation allows Fairway to foreclose its interest in "the Collateral." Any claims in furtherance of such foreclosure are included within the exception to the release. Thus, while the issues may be similar, this court is called upon not to adjudicate a stand-alone claim for reformation, but rather to interpret the terms of the Stipulation.

The definition of the Collateral as contained in the 2009 Jefferson County Trust Deed was incorporated by reference into the Stipulation. Thus, to the extent the definition contained in the security instrument is ambiguous, the court must construe the definition according to applicable nonbankruptcy law. The Oregon Court of Appeals has held that a trust deed which describes collateral both by tax lot and a conflicting metes-and-bounds description is ambiguous as a matter of law. *Yale Holdings v. Capital One Bank*, 263 Or. App. 71, 76-77 (2014). When confronted with such an ambiguity, courts must construe the security instrument consistent with the intent of the parties. *Id.* at 77. Here, because the parties agree that they intended the 2009 Jefferson County Trust Deed to encumber the Omitted Property, I must construe the trust deed *and* the Stipulation according to that intent.

**Conclusion**
Under *Yale Holdings*, Oregon law is settled, and the lien created by the 2009 Jefferson County Trust Deed attached to all of the Five Tax Lots. Under the Stipulation, Fairway was entitled to foreclose its interest in the entirety of that collateral.

Due to the mutual release contained in the parties' settlement, the obligations memorialized in the various loan documents were superseded by the terms of the Stipulation. Notably, Fairway's state-court complaint makes no reference to the Stipulation, instead relying entirely on the 2009 Jefferson County Trust Deed. CSF, Exh. 12. Accordingly, that suit is barred by the release. Nonetheless, this court must still resolve the parties' disagreement over the interpretation of the Stipulation.

Fairway seeks summary judgment quieting title in the Omitted Property. Under Oregon's quiet-title statute, a court may adjudicate any type of "conflicting or adverse claims, interests or estates" in land. ORS 105.605; *Ladd v. Mills*, 44 Or. 224, 226 (1904) (plaintiff may seek to quiet title based on "any substantial interest in or claim to the property"). Because the foreclosure notices issued by Fairway contained the same legal description as the 2009 Jefferson County Trust Deed (*see* Decl. of Joseph A. Field (ECF No. 60-1), Exh. A)), it appears that Fairway has only successfully foreclosed on that portion of the collateral that does not include the Omitted Property. Thus, while Fairway does not hold fee simple title to the Omitted Property, it still holds a lien under the 2009 Jefferson County Trust Deed. Oregon law allows collateral encumbered by a single trust deed to be foreclosed upon seriatim. ORS 86.797(4)(a)(A). Accordingly, to the extent that Fairway is legally entitled to

foreclose its interest in the Omitted Property, it may do so.[3] As part of that process, the McDonalds can raise any defenses that are not precluded by the ruling contained herein.

Counsel for Fairway should upload an order granting its motion for summary judgment for the reasons stated herein, and a proposed judgment within fourteen days of the date of this letter.

Very truly yours,

Trish M. Brown

---

[3] The McDonalds contested Fairway's ability to foreclose on the Omitted Property based on the mutual release. While I disagree with the McDonalds' argument in this respect, the record is not sufficient for me to affirmatively determine whether Fairway is entitled to conduct an additional foreclosure sale. Most notably, the record does not specify whether the McDonalds still owe an obligation to Fairway as required by ORS 86.752(2).